UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION


JUDITH HARRIET SMITH,                           Case No. 3:12:-CV-000752-AC

            Plaintiff,                              FINDINGS AND
                                                RECOMMENDATION
    v.

CAROLYN COLVIN,
Commissioner of Social Security

            Defendant.

_____

ACOSTA, Magistrate Judge:

*Introduction*

Before the court is Judith Smith's ("Smith") unopposed Motion for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) ("Section 406(b)"). Although Smith is the claimant in this case, the real party in interest to this motion is her attorney George Wall ("Wall"), and the Commissioner does not oppose the motion, but merely acts in a manner similar to "a trustee for the claimant[.]"

Page 1 - FINDINGS & RECOMMENDATION                                    [KCW]

*Gisbrecht v. Barnhart*, 535 U.S. 789, 798 (2002). Having reviewed the proceedings below and the amount of fees sought, the court concludes Wall is entitled to fees under Section 406(b) in the amount of $7,595.00.

*Procedural Background*

Smith filed her application for Disability Insurance Benefits ("Benefits") on July, 15, 2008, alleging an onset date of January 1, 2001. Smith amended her alleged onset date to July 15, 2008, rendering her ineligible for Title II benefits. Her application was denied initially and on reconsideration. On September 23, 2010, an Administrative Law Judge ("ALJ") issued an opinion in which he found Smith not disabled and, therefore, not entitled to Benefits. That conclusion became the final decision of the Commissioner on March 2, 2012, when the Appeals Council denied Smith's request for review.

Smith sought review of the Commissioner's decision by filing a complaint in this court on April 27, 2012. Smith alleged the ALJ erred in five respects: (1) rejecting the opinion of treating physician Dr. Valerie Krause; (2) rejecting Smith's statements with regard to the onset of her condition and severity of her symptoms; (3) rejecting evidence offered by lay witnesses; (4) rejecting the opinion of the state agency's medical consultant; and (5) failing to consider the effects of stress on Smith's ability to work. Commissioner conceded error and stipulated to a remand. On February 11, 2013, this court issued an Order of Remand, reversing the Commissioner's decision under 42 U.S.C. § 405(g) and remanding for further proceedings. The order required the ALJ to update the medical record; determine the period-at-issue; address the evidence regarding Smith's use of a cane and/or walker; further evaluate Smith's subjective complaints; if necessary, obtain vocational expert testimony; offer Plaintiff the opportunity for a new hearing; and issue a new decision. On February

23, 2016, following a second hearing before an ALJ, Smith received a favorable decision and determination of disability.

On March 11, 2013, Smith received approval of a petition for fees under the Equal Access to Justice Act (28 U.S.C. § 2412)(the "Act") in the amount of $3,870.72. On May 2, 2016, Smith filed the instant motion for attorney fees in the amount of $7,595.00 under Section 406(b). The Commissioner does not oppose the motion.

*Discussion*

The parties do not dispute Smith is the prevailing party in this matter. Additionally, the Commissioner does not challenge the amount Wall requests for attorney fees. Nonetheless, because the Commissioner does not have a direct stake in the allocation of Smith's attorney fees, the court must ensure the calculation of fees is reasonable to prevent Wall from potentially receiving a windfall. *See Gisbrecht*, 535 U.S. at 798 n.6 ("We also note that the Commissioner of Social Security . . . has no direct financial stake in the answer to the § 406(b) question.").

After entering a judgment in favor of a Social Security claimant represented by counsel, a court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (2015). A "twenty-five percent contingent-fee award is not automatic or even presumed; 'the statute does not create any presumption in favor of the agreed upon amount.'" *Dunnigan v. Astrue*, No. CV 07-1645-AC, 2009 WL 6067058, *7 (D. Or. Dec. 23, 2009), *adopted* 2010 WL 1029809 (March 17, 2010)(quoting *Gisbrecht*, 535 U.S. at 807 n.17). A Section 406(b) fee award is paid from the claimant's retroactive benefits, and an attorney receiving such an award may not seek any other compensation from the claimant. *Dunnigan*, 2009

WL 6067058, at *7. Accordingly, when a court approves both an EAJA fee and a Section 406(b) fee payment, the claimant's attorney must refund to the claimant the amount of the smaller of the two payments. *Gisbrecht*, 535 U.S. at 796.

I. Fee Agreement

Under the Supreme Court's decision in *Gisbrecht*, the court first examines the contingent-fee agreement to determine whether it is within the statutory twenty-five percent cap. Smith and Wall executed a contingent-fee agreement, which provided if Wall obtained payment of past-due benefits, Smith would pay him up to twenty-five percent of the past-due benefits awarded. (Pl.'s Pet. for Fees Per 42 USC 406(b), ECF No. 15 ("Motion") Ex. B). The terms of this Agreement are ths within the statute's limits.

The next step is to confirm that the fee requested by counsel does not exceed the statute's twenty-five percent ceiling. This determination requires evidence of the retroactive benefits to be paid to Smith. Wall provided a document from the Society Security Administration (the "Administration") entitled "Notice of Award," which details the retroactive benefits due to Smith total $62,081.00. (Pl.'s Pet. for Fees Per 42 USC 406(b), ECF No. 15 ("Motion"), Ex. A, at 1-2.) Wall seeks only $7,595, an amount far below the twenty-five percent cap. After determining the fee agreement and the amount requested are in accordance with the statutory limits, this court next turns to "its primary inquiry, the reasonableness of the fee sought." *Dunnigan*, 2009 WL 6067058, at *10.

II. Reasonableness Factors

An order for an award of benefits should not be viewed in isolation, nor can it be presumed always to require a fee award of twenty-five percent of a claimant's retroactive benefits award. *Dunnigan*, 2009 WL 6067058, at *12. If obtaining benefits always supported awarding fees for the

maximum amount provided for by statue, the other *Gisbrecht* factors and the trial courts' assigned task of "'making reasonableness determinations in a wide variety of contexts'" would be unnecessary. *Id.* (quoting *Gisbrecht*, 535 U.S. at 808).

Counsel bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. While the court must acknowledge the "primacy of lawful attorney-client fee agreements," contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Id.* at 793, 807. The court must ensure a disabled claimant is protected from surrendering retroactive disability benefits in a disproportionate payment to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*en banc*) (citing *Gisbrecht*, 535 U.S. at 808). The four factors to be considered when evaluating the requested fee's reasonableness have been identified by the Ninth Circuit from the *Gisbrecht* analysis as: (1) the character of the representation, specifically, whether the representation was substandard; (2) the results the attorney achieved; (3) any delay attributable to the attorney seeking the fee; and (4) whether the benefits obtained were "not in proportion to the time spent on the case" and raise the specter the attorney would receive an unwarranted windfall. *Crawford*, 586 F.3d at 1151-53 (citations omitted). The Ninth Circuit, in *Crawford*, also identified the risk inherent in contingency representation as an appropriate factor to consider in determining a Section 406(b) award. It focused the risk inquiry, however, stating that: "the district court should look at the complexity and risk involved in the specific case at issue to determine how much risk the firm assumed in taking the case." 586 F.3d at 1153.

### A. The Character of Representation

Substandard performance by a legal representative may warrant a reduction in a Section 406(b) fee award. *Crawford*, 586 F.3d at 1151. The record in this case, however, shows Wall's

performance met professional standards. Wall filed a timely and comprehensive appellate brief on Smith's behalf. There is no basis for a reduction in the requested Section 406(b) fee due to the character of Wall's representation.

### B. Results Achieved

After filing the initial brief, the Commissioner conceded error. The court granted remand for further proceedings on Smith's claim. On remand, the ALJ determined Smith has a qualifying disability entitling her to Benefits. Wall successfully represented Smith and obtained the full relief sought.

### C. Undue Delays

A court may reduce a Section 406(b) award for delays in proceedings attributable to claimant's counsel. *Crawford*, 586 F.3d at 1151. The reduction is appropriate "so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court." *Gisbrecht*, 535 U.S. at 808 (citation omitted).

Here, Wall filed Smith's complaint on April 27, 2012. The Commissioner answered on October 9, 2012, and Wall filed a timely opening brief on December 13, 2012. The Commissioner filed a stipulated motion to remand on February 11, 2013, which was granted the same day. The pendency of this action did not exceed the normal time span, and, in fact, was resolved by a stipulated remand. Wall made no requests for extensions of time. There is nothing in the record to suggest a delay attributable to Wall. Accordingly, a reduction of Wall's fee request is unwarranted under this factor.

### D. Proportionality

Finally, a district court may reduce a Section 406(b) award if "benefits . . . are not in

proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht*, 535 U.S. at 808). The Supreme Court explained "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is . . . in order." *Gisbrecht*, 535 U.S. at 808.

In this case, Wall filed a seventeen-page opening brief asserting five errors by the ALJ. Wall argued the case should be remanded for an immediate award of Benefits. The Commissioner conceded error and stipulated to a remand for further proceedings. Wall reports, and the time records confirm, he expended 21.7 hours representing Smith in this matter. This time expenditure falls on the low end of the twenty-to-forty-hour range Judge Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty." *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007).

Wall currently seeks $7,595.00 in attorney fees for his representation of Smith before this court, which results in an effective hourly rate of $350.00. Wall explains in his petition that during the period he represented Smith and prepared the necessary documents, his hourly fee increased from $325 to $350. Wall has requested all of the time be compensated at the increased rate. This increased rate is reasonable considering Wall performed most of the work within a month of the $25 increase. Furthermore, it is evident Wall is not seeking a windfall by retroactively applying a significant increase to work done years prior. The marginal increase is also justified because at the time Wall worked on Smith's claim he possessed the requisite skills to represent her successfully. Thus, this hourly rate is justified by the results Wall achieved, and is well within–even below– the range found reasonable by other judges in this district. *McNamara v. Comm'r of Soc. Sec.*, Civil No. 11-cv-00173-HZ, 2013 WL 2032267 (D. Or. May 14, 2013)(effective hourly rate of $500.00); *Rundell-Princehouse v. Astrue*, No. 1:10-cv-00988-CL, 2012 WL 7188852 (D. Or. Aug. 21,

2012)(effective hourly rate of $888.22); Wojtecki II v. Comm'r of Soc. Sec., Civil No 09-584-ST, 2011 WL 1694462 (D. Or. April 6, 2011)(effective hourly rate of $509.41).

*E. Risk*

Social Security practitioners often undertake a substantial risk of nonpayment or a significant delay in payment. Here, Wall made no argument the case presented a unique risk. In fact, the issues raised by Wall on Smith's behalf were fairly routine in Social Security cases and were resolved quickly with a stipulated remand. However, in light of the results obtained and the low effective hourly rate sought by Wall, the court finds no reduction of the requested fee is warranted.

*Conclusion*

For the reasons stated, Smith's Petition for Fees Pursuant 42 U.S.C. § 406(b) (ECF No. 15) in the amount of $7,595.00 should be GRANTED. The amount requested includes EAJA fees previously awarded in the amount of $3,870.72. After the credit is taken for those previously paid fees, the amount due to counsel is $3,724.28.

Scheduling Order

The Findings and Recommendation will be referred to a district judge for review. Objections, if any, are due June 3, 2016. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 17th day of May, 2016.

JOHN V. ACOSTA
United States Magistrate Judge